ALLAN N. LeBARRON, APPELLANT, v. THE ERIE RAILROAD COMPANY, RESPONDENT.

Submitted July 9, 1917—Decided November 19, 1917.

The plaintiff recovered a verdict which the Supreme Court, on rule to show cause, set aside, as against the weight of the evidence. Upon the second trial, the trial court upon testimony more or less similar, directed a verdict for the defendant, basing his direction upon the theory that a verdict for the plaintiff must *ex necessitate* be again set aside. *Held,* that such action was erroneous, and that the question at issue should have been submitted to the jury.

On appeal from the Supreme Court.

For the appellant, *Hudson & Joelson.*

For the respondent, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J.   The appellant was injured, at night, at a railroad crossing maintained by defendant at Chestnut street, in the borough of Allendale.   This suit was based upon the alleged negligence of defendant in failure to give the statutory signals.   Upon a former trial plaintiff's unsupported testimony presented the basis for the verdict, which was rendered in his favor.   This situation supplemented by the fact that in the opinion of the Supreme Court, upon a rule to show cause, plaintiff was "shown to be very deaf;" and that the verdict was against the weight of the evidence, resulted in a trial *de novo,* the record in which latter trial is presented by this appeal.

The plaintiff was shown by witnesses to have been somewhat deaf at the time of the accident, but sufficiently normal to enable one sitting across the room to converse with him, or as he himself expressed it, "I could hear a common conversa-

tion in church before: Now I am all off on that: I cannot hear so well." He testified that more than once before he attempted to drive across the track with his lighted wagon, he stopped his horse and looked and listened for approaching trains. There was additional testimony in support of the plaintiff's case, which was controverted by the defendant's witnesses. This situation obviously presented a question of fact for the jury. The learned trial court conceived that the granting of a trial *de novo* upon the rule to show cause on the former trial, limited the inquiry to the question whether the reiteration of the same testimony upon the second trial necessitated the denial of a jury-trial, doubtless by analogy to the rule underlying the doctrine of *stare decisis;* and concluding that such was the legal import and effect of the *venire de novo,* directed a verdict for the defendant. That this procedure was erroneous and that the plaintiff even upon the same record was entitled to go to the jury, has been repeatedly affirmed by this court. *Dickinson* v. *Erie Railroad Co., 85 N. J. L.* 586; *Tilton* v. *Pennsylvania Railroad Co., 86 Id.* 709.

The judgment of nonsuit will be reversed and a *venire de novo* will be awarded.

*For affirmance—*None.

*For reversal—*THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.